UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROYCE THOMAS, et al., | |
| Plaintiffs, | Case No. 5:05-cv-80 |
| v. | Honorable Joseph G. Scoville |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

This is an ERISA action involving a dispute concerning coverage under a health plan. Plaintiffs' complaint, filed in the Kalkaska County Circuit Court and asserting only state-law claims, seeks coverage for mental health services provided on behalf of plaintiff Ashley Thomas. The complaint alleges that representatives of defendant confirmed that coverage for mental health services was available for "unlimited days" and that plaintiffs sought such services at the Remuda Ranch in reliance on the representations made by defendant's agents. Plaintiffs allege that after they had committed to the Arizona facility, defendant unilaterally refused to pay for in-patient care. Defendant removed the case to this court on the basis that the plan under which plaintiffs seek recovery is an employee benefit plan subject to ERISA, which preempts all state-law causes of action. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

At the Rule 16 scheduling conference, the parties disagreed concerning the appropriate procedure to be followed in this case. Defendant contended that the Sixth Circuit

decision in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 n.4 (6th Cir. 1998), requires that questions of coverage be reviewed under the arbitrary and capricious standard, on the basis of the evidence submitted to the administrator.  While not disputing that *Wilkins* dictates such a procedure for a claim for benefits, plaintiffs asserted that they have a separate and independent claim for breach of fiduciary duty or estoppel arising from the alleged misinformation given to plaintiffs concerning coverage under the plan.  To resolve this threshold issue, the court directed the parties to file briefs addressing the question whether a cause of action for breach of fiduciary duty exists under ERISA arising from an administrator's misstatement or silence concerning the scope of coverage, upon which a beneficiary relies to his detriment.  (Preliminary Case Management Order, docket # 12, ¶ A).  The order required the exchange of initial disclosures but directed that no discovery be conducted until the court's ruling on this threshold issue.  The order recited that the court would enter a further scheduling order establishing a period of discovery, if the court determined that plaintiff's ERISA claim for breach of fiduciary duty is viable.  (*Id.*, ¶ E).  The parties have now submitted briefs on this issue.  The parties have consented to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), and an order of reference has been entered.  (docket # 18).

    Sixth Circuit authority does recognize certain ERISA claims arising from breach of fiduciary duty, *see Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999), or for equitable estoppel, *see Sprague v. General Motors Corp.*, 133 F.3d 388, 403-04 (6th Cir. 1998) (*en banc*).  The parties' briefing reveals the necessity for proper pleadings as a prerequisite to any decision on the viability of plaintiffs' claims under this or any other theory.  Plaintiffs originally filed their case in the Kalkaska County Circuit Court, setting forth only state-law claims.  Defendant's petition for

removal correctly stated that ERISA preempts all state-law claims relating to an employee benefit plan and that plaintiffs' claims, if any, must arise under federal law.  Yet, plaintiffs have pleaded no federal claim and their complaint contains only conclusory and inferential facts supporting the unpleaded theories set forth in their brief.  Orderly progression of this case requires that plaintiffs amend their complaint to clearly set forth these theories, and the facts upon which they are based.  The amended complaint must also specifically identify which subsection of 29 U.S.C. § 1132(a) plaintiffs rely upon to base each cause of action.

Plaintiffs will therefore be required to file a first amended complaint no later than **August 15, 2005**; defendant will be granted **20 days** to file a responsive pleading.  If defendant files an answer, the court will issue a new case management order.  If defendant files a motion to dismiss, the court will decide the motion before reaching further case management issues on plaintiffs' umpleaded federal claims.

In the meantime, the court will proceed with plaintiffs' claim for benefits under section 1132(a)(1)(B), which must be decided solely on the administrative record.  Defendant shall file the administrative record no later than **August 15, 2005**.  Plaintiffs must file their brief on this claim no later than **30 days** after defendant files the administrative record; defendant shall respond **30 days** thereafter.  Briefs may not exceed 25 pages without leave of court.


Dated:  August 2, 2005           /s/  Joseph G. Scoville
                                 United States Magistrate Judge